# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1705 PA (MANx) | Date | June 9, 2010 |
|---|---|---|---|
| Title | Russell Peterson, et al. v. City of Paso Robles | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS

The Court is in receipt of the Complaint filed by plaintiffs Russell Peterson and Suzanne Smiley ("Plaintiffs"). Plaintiffs have sued defendant City of Paso Robles for violations of the Americans with Disabilities Act and similar causes of action brought pursuant to California law.

Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder, provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a)(1); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it appears that there may not be a question of fact or law common to all Plaintiffs. Nor is it clear that Plaintiffs' joint claims against Defendant arise out of the same transaction or occurrence. Rather, it appears that Plaintiffs sue Defendant for what may amount to separate instances of disability discrimination based on different accessibility barriers. The Court therefore orders Plaintiffs to show cause in writing, no later than June 18, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). Defendant may file a response no later than June 25, 2010.

        IT IS SO ORDERED.